UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELANIE REAVES

-vs-   Case No.: 2:11-cv-00049-CEH-SPC

WAYNE AUTOMATIC FIRE
SPRINKLERS, INC.
_____

# ORDER

This matter comes before the Court on Defendant Wayne Automatic Fire Sprinklers, Inc.'s Motion for Compulsory Mental Examination of the Plaintiff (Doc. # 24) filed on September 22, 2011. In response, on October 6, 2011, Plaintiff filed a Memorandum in Opposition to Defendant's Request for an Order Limiting the Attendance at Plaintiff's Compulsory Rule 35 Mental Examination. (Doc. #26). On October 7, 2011, Defendant filed an Unopposed Amended Motion for Extension of Certain Deadlines. (Doc. #27). Thus, the motion is now ripe for review.

## Background

Plaintiff alleges in her Complaint and Amended Complaint that she began working for Defendant on March 2, 2009 as an administrative assistant for the service department. (Doc. #1 at ¶¶7 and 8, Doc. #19 at ¶¶7 and 8). In July 2009, Plaintiff learned she was pregnant. (Doc. #19 at ¶9). In February 2010, Plaintiff learned that her doctor had scheduled her for a cesarean section (C-section) on April 4, 2010, and she notified Defendant, her employer. (Doc. #19 at ¶10). On March 1, 2010, Plaintiff was not feeling well, and upon visiting her doctor was informed that she would have to be admitted that day for an emergency C-section. (Doc. #19 at ¶12). Plaintiff had been scheduled to come into work following her doctor's appointment, so Plaintiff called her work to

inform them that she would not be in due to the emergency C-section. (Doc. #19 at ¶13). Plaintiff alleges that she checked in with her employer following her C-section in order to assist the new office manager in performing some of her job duties and volunteered to provide any information needed from her doctor in order to start short-term disability leave. (Doc. #19 at ¶¶14 and 15). Defendant is self-insured and provides health insurance for eligible employees. (Doc. #19 at ¶16). On March 5, 2010, Defendant's Human Resources Manager called Plaintiff and informed her that she was not eligible for leave and that she was terminated effective February 26, 2010, her last day of work. (Doc. #19 at ¶19). On July 7, 2010, Plaintiff filed a charge with the Florida Commission of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). (Doc. #19 at ¶20). Plaintiff alleges that she has exhausted all of her administrative remedies and has filed this action within 90 days of Plaintiff's receipt of her Notice of Right to Sue from the EEOC. (Doc. #19 at ¶21).

On February 3, 2011, Plaintiff initiated this action by filing a two Count Complaint. (Doc. #1). Count I of the Complaint alleged pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Count II of the Complaint relied upon the same facts to allege a purported claim for pregnancy discrimination in violation of the Florida Civil Rights Act ("FCRA"). Within the Complaint, Plaintiff alleged to have suffered damages as a result of Defendant's alleged discriminatory conduct, which included "embarrassment . . . and emotional distress" (Doc. #1 at ¶26) and "emotional distress, embarrassment and humiliation" (Doc. #1 at ¶33). On March 31, 2011, this Court issued its Case Management and Scheduling Order. (Doc. #15). On May 25, 2011, Plaintiff filed a three Count Amended Complaint. (Doc. #19). The third Count contained a claim for compensatory damages pursuant to Section 510 of the Employee Retirement

Income Security Act ("ERISA"). (Doc. #19). The Amended Complaint also contained allegations that Plaintiff suffered damages including "embarrassment . . . and emotional distress" (Doc. #19 at ¶29) and "emotional distress, embarrassment and humiliation" (Doc. #19 at ¶¶36 and 42).

Defendant sought to coordinate a mental examination with Plaintiff's counsel, but was advised that Plaintiff would not consent to mental examination as her claims for emotional distress were mere "garden variety"claims. (Doc. #24 at ¶5). Defendant was also informed that Plaintiff would not consent to the mental examination unless her counsel was present during the examination. (Doc. #24 at ¶5). On September 22, 2011, Defendant filed a Motion for Compulsory Mental Examination of the Plaintiff and Motion for Extension of Certain Deadlines. (Doc. #24).

## Discussion

Rule 35 of the Federal Rules of Civil Procedure states in pertinent part: "[w]hen the mental or physical condition (including the blood group) of a party or of a person . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control." "The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Fed. R. Civ. P. 35(a).

### *Whether Plaintiff's Mental Condition is in Controversy and Defendant has Demonstrated Good Cause?*

Defendant claims that Plaintiff's mental condition has been placed in controversy because Plaintiff claims she suffers from continuing emotional and mental distress for which she seeks substantial damages. (Doc. #24, at ¶4). Defendant seeks a mental examination to determine the

existence and extent of Plaintiff's mental distress. Plaintiff, on the other hand, argues her claims that her mental state has been adversely affected are "garden variety" emotional distress claims and refuses to submit to an examination without her attorney being present. (Doc. #24, ¶5; Doc. #26).

To be entitled to an independent medical examination ("IME"), under the terms of the Rule, the Defendant must establish that the Plaintiff has put her mental condition in controversy and must also show good cause for the IME. Schlagenhauf v. Holder, 379 U.S. 104, 121 (1964). This requires an affirmative showing that the mental or physical condition is "really and genuinely" in controversy and that good cause exists for each particular examination. Robinson v. Jacksonville Shipyards, Inc., 118 F.R.D. 527 (M.D. Fla. 1988) (citing Schlagenhauf). The Court must decide by making a "discriminating application", whether the "in controversy" and "good cause" requirements have been adequately demonstrated by the production of sufficient information which allows the Court to perform its function under Rule 35(a). Schlagenhauf, 379 U.S. at 119.

Courts have developed several factors used to determine whether or not a Rule 35 motion should be granted. Schlunt v. Verizon Directories Sales-West, Inc., 2006 WL 1643727 *2 (M.D. Fla. June 12, 2006). Those factors used by courts to address the in controversy requirement of Rule 35 are as follows: "(1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) the plaintiff's concession that her mental condition is in controversy within the meaning of Rule 35." Id. (citing Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320, 322 (N.D. Ga. 2000) (internal quotations omitted)). Courts often merge the factors used to determine good cause with those used to demonstrate the in controversy requirements. Schlunt, 2006 WL 1643727 at *2.

Moreover, courts have found good cause when questions arise regarding the substantial cause and extent of emotional problems. Bethel, 192 F.R.D. at 323 (citing Eckman v. University of Rhode Island, 160 F.R.D. 431, 434 (D. R.I. 1995)).

Here, with regard to the "in controversy" requirements, Defendant argues that Plaintiff has placed her mental condition into controversy and has gone beyond a mere claim for emotional distress. Plaintiff made explicit statements that she has suffered from "emotional distress," "embarrassment," and "humiliation" as a result of the alleged discriminatory employment practices by the Defendant. (Doc. # 19, ¶¶ 29, 36, 42). Furthermore, in Plaintiff's answers to interrogatories and during her deposition, Defendant's Exhibits B and C, Plaintiff stated "[t]he discriminatory termination also caused me *significant* emotional distress" (emphasis added); that she was being treated by her primary physician for ongoing depression which was first diagnosed by another doctor; and that she is seeking emotional damages in this action for ongoing depression as diagnosed and treated by two health care professionals. The Court finds that Plaintiff has alleged she is suffering from an ongoing emotional condition which is unusually severe and is sufficient to meet the Rule 35 "in controversy" and "good cause" requirements. Henry v. City of Tallahassee, 2000 WL 33310900, *2 (N.D. Fla. Dec. 6, 2000) ("A Rule 35(a) examination may be warranted if a claim of *continuing* emotional distress is made").

The "Defendant should have a reasonable opportunity to challenge Plaintiff's claims and testimony irregardless of whether Plaintiff offers expert testimony on the subject." Schlunt, 2006 WL 1643727 at *3. Even if Plaintiff does not call an expert to testify about her mental condition, she is likely to testify about it herself. "The testimony of an expert is a well recognized and reasonable way of [challenging Plaintiff's claims and testimony], and an examination of plaintiff by that expert is

necessary for the expert to form a meaningful opinion." Ali v. Wang Laboratories, Inc., 162 F.R.D. 165, 168 (M.D. Fla. 1995).

Because Plaintiff's mental condition is in controversy and because Defendant has questions concerning the extent and causation of Plaintiff's emotional distress, the Court finds good cause exists to compel a mental examination.

### *Whether the Attendance at the Mental Examination Should be Limited to Plaintiff and the Physician?*

Plaintiff has stated that she will consent to a mental examination only if her counsel can also be present for the examination. (Doc. #24 at ¶5, Doc. #26). Defendant wishes to prevent Plaintiff's counsel from being present during the mental examination. (Doc. #24 at ¶7). Plaintiff also contends that the burden is on the party opposing the third party presence at the examination to offer specific justifications as to why the observer should be prevented from attending. (Doc. #26).

Although Fed. R. Civ. P. 35 does not address who may attend the examination, "such examinations, like all other forms of discovery, are subject to the general provision of *Rule 26(c)* that the court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" Tirado v. Erosa, 158 F.R.D. 294, 297 (S.D.N.Y. 1994); see also Morton v. The Haskell Company, 1995 U.S. Dist. LEXIS 21883, 1995 WL 819182, *3 (M.D. Fla. 1995) ("The court is satisfied that it has the discretionary authority to impose a variety of conditions which, balancing the factors in each individual case, ensure that the interests of justice are obtained."). The Court has discretion to determine who may be present at the [mental] examination. Laney v. Hosp. Bd. Of Dirs., 2010 U.S. Dist. LEXIS 68849 *9-10 (M.D. Fla. June 22, 2010) (citing Tarte v. U.S., 249 F.R.D. 856, 858 (S.D. Fla. 2008)). The majority

of federal courts have held that attorneys, court reporters, and recording devises are distractions and may "turn a neutral examination into an adversarial event." Schlunt, 2006 WL 1643727 at *4.

"The appropriate inquiry is whether special conditions are present which call for a protective order tailored to the specific problems presented." Tirado, 158 F.R.D. at 299; see also Ali, 162 F.R.D. at 168 (finding so special need required the presence of a court reporter, plaintiff's wife or other recording equipment). "It is the burden of the party seeking the special conditions to establish their existence." Bethel, 192 F.R.D. at 324 (citing Tirado, 158 F.R.D. at 299). The court in Shirsat v. Mutual Pharmaceutical Company, Inc., 169 F.R.D. 68 (E.D. Pa. 1996), articulated the reasons for prohibiting third parties at an examination:

> [A]n observer, court reporter, or recording device, would constitute a distraction during the examination and work to diminish the accuracy of the process. [An observer could] potentially distract the examining [physician] and examinee thereby compromising the results of the examination. Moreover, the presence of the observer interjects an adversarial, partisan atmosphere into what should be a wholly objective inquiry . . . . [and that] it is recognized that psychological examinations necessitate an unimpeded, one-on-one exchange between the doctor and the patient.

Id. at 70-71.

This Court agrees with the reasoning of the court in Shirsat. Allowing the Plaintiff's attorney to be present would only increase the likelihood of creating an adversarial atmosphere during the examination. The Court finds that the burden is on the Plaintiff to show special need to have the third party observer present during the mental examination. The Court finds that Plaintiff has not carried her burden of establishing special needs to support her request. Accordingly, Plaintiff shall attend the examination unaccompanied by any observers.

*Date, Time and Location of the Mental Examination*

Defendant contends that the physician, Dr. Fleischman, has represented that the mental examination will take no more than six (6) hours, during which Dr. Fleischman will perform a mental evaluation relying on a face-to-face interview, completion of personality testing utilizing the Minnesota, Multiphasic Personality Inventory ("MMPI"), completion of a symptoms checklist, and projective testing. (Doc. #24 at ¶8). Defendant claims that such testing is necessary to determine if Plaintiff is suffering from clinical depression and whether the clinical depression is related to Plaintiff's termination. (Doc. #24 at ¶8). Plaintiff has not requested any limitations or conditions to be placed on the examination, absent her request to have her counsel present. (Doc. #26).

The Court in Schulnt found that five (5) hours for a mental examination was reasonable absent good cause. Schlunt, 2006 WL 1643727 at *4. Here, Defendant has stated that the examination will take no more than six (6) hours. The Court finds that six (6) hours is a reasonable allocation of time to complete the mental examination and that the examination shall not exceed six (6) hours.

During Rule 35 examinations, courts often allow "routine procedures." Laney, 2010 U.S. Dist. LEXIS 68849 at *2-3 (citing Trenary v. Busch Entertainment Corp., 2006 U.S. LEXIS 83661 *4 (M.D. Fla. Nov. 16, 2006)). Here, the Plaintiff has not requested any limitations or conditions to be placed on the examination. The Court finds that the examination should be limited to issues that reasonably relate to the existence and extent of the mental or emotional distress suffered by the Plaintiff as depicted in her Complaint. The types of tests will be performed will be left within the discretion of Dr. Fleishmann. The Court has no reason to believe that Dr. Fleischman will not act legally and ethically.

Defendant contends that in good faith, Plaintiff and Defendant have agreed that in the event the medical examination is granted, certain extensions of the Case Management and Scheduling Order's deadlines would best serve the interest of judicial economy in the proceeding. (Doc. #27, ¶8). As for the date, time, and place of examination, Defendant states that the parties agree that the examination should take place within thirty (30) days of this Court's Motion, at a time and place mutually convenient to the parties and Dr. Fleishman. (Doc. #27) Defendant states that the parties have agreed that Defendant's expert report deadline should be extended to no later than seven (7) days after the completion of the mental examination, Plaintiff's expert report deadline be extended to no later than thirty (30) days after the production of Defendant's expert report and depositions of expert witnesses should be completed within thirty (30) days of the production of Plaintiff's expert report.

Accordingly, it is now

**ORDERED**:

(1) Defendant's Motion for Compulsory Mental Examination of the Plaintiff and Motion for Extension of Certain Deadlines (Doc. #24) is **GRANTED**.

(2) The mental examination shall be conducted by Dr. David J. Fleishman., at a date, time and location mutually convenient for both parties and Dr. Fleishman, **within thirty (30) days of this Court's Order.** Plaintiff shall attend the examination **unaccompanied** by any observers.

(3) The total time required of Plaintiff shall not exceed **six (6) hours**.

(4) Defendant's deadline to disclose its expert report shall be extended to **no later than seven (7) days after** the completion of the mental examination.

(5) Plaintiff's expert report shall be extended to **no later than thirty (30) days** after the production of Defendant's expert report

(6) Depositions of expert witnesses shall be completed **within thirty (30) days** of the production of Plaintiff's expert report.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of October, 2011.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record